UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ORVEL WINSTON LLOYD,

              Plaintiff,

v.                                 Case No. 3:13-cv-903-J-34PDB

GARY BAKER,

              Defendant.

## ORDER

**THIS CAUSE** is before the Court on Defendant Gary Baker's Motion to Dismiss (Doc. #32; Motion) filed on December 1, 2014. Plaintiff filed his response on March 18, 2015. See Plaintiff's Response to Defendant Baker's Motion to Dismiss (Doc. #39; Response). Accordingly the Motion is ripe for review.

As an initial matter, the Court notes that since Defendant Gary Baker (Baker) filed an Answer (Doc. #10) in this case, he cannot subsequently file a motion pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure (Rule(s)). See Rule 12(b)(6) (stating that a Rule 12(b)(6) motion must be filed "before pleading if a responsive pleading is allowed."). Therefore, under Rule 12(b), Baker's Motion is technically untimely. However, while a 12(b) motion would be untimely, the defense of failure to state a claim is properly raised at this stage of the proceedings in a motion for judgment on the pleadings. See Fed. R. Civ. P. 12(h)(2)(B); Skrtich v. Thornton, 280 F.3d 1295, 1307 n.13 (11th Cir. 2002) (noting that "a [Rule 12(b)(6)] motion may be construed

as a request for judgment on the pleadings pursuant to [Rule] 12(c)") (emphasis original); see also Whitehurst v. Wal-Mart Stores East, L.P., 329 F. App'x 206, 208 (11th Cir. 2008) (per curiam) (rejecting plaintiff's argument that Rule 12(b)(6) motion was untimely because court could construe it as a Rule 12(c) motion). Therefore, the Court construes Baker's Motion as a motion for judgment on the pleadings.

I.  **Background Pertinent Facts**[1]

Plaintiff Orvel Winston Lloyd (Lloyd), an inmate of the Nassau County Jail (Jail) in Yulee, Florida, who is proceeding pro se, initiated this action by filing his Complaint pursuant to 42 U.S.C. § 1983.  See Complaint and Demand for Jury Trial (Doc. #1; Complaint).  Lloyd names as defendants the following: John Kalinowski, Stephen Siegel, and Laura Coggin, all Assistant State Attorneys for Florida's Fourth Judicial Circuit; Angela Corey, the elected State Attorney for the Fourth Judicial Circuit of Florida; the Honorable Robert M. Foster (Judge Foster), a Circuit Court judge in the Fourth Judicial Circuit, in and for Nassau County,

---

[1] In considering the Motion, the Court must accept all factual allegations in the non-moving party's pleading as true, consider the allegations in the light most favorable to the non-moving party, and accept all reasonable inferences that can be drawn from such allegations. Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014); Horsley v. Feldt, 304 F.3d 1125, 1131 (11th Cir. 2002) (citing Ortega v. Christian, 85 F.3d 1521, 1524-25 (11th Cir. 1996)).  As such, the facts recited here are drawn from the Complaint, and may well differ from those that ultimately can be proved.

Florida; and Gary Baker (Baker), his attorney in the state court criminal case. See generally id. As relief, Lloyd seeks monetary damages. In an Order dated September 2, 2014, the Court dismissed all of Lloyd's claims with the exception of the claim against Baker. See Order (Doc. #27). In this remaining claim, Lloyd alleges that Baker and Judge Foster conspired to improperly hold Lloyd in jail. See Complaint at 4-9.

On May 25, 2012, Lloyd was arrested following a search prompted by information provided by confidential informants. See id. at 3-4. Lloyd asserts that both the search and seizure, as well as his resulting arrest, were illegal as the affidavit supporting the search warrant failed to establish probable cause. See Complaint at 4, ¶¶9-10. Following his arrest, Lloyd asserts that Judge Foster, the presiding state court judge, took "vengeance" on Lloyd for having previously filed a lawsuit against Judge Foster.[2] See id. Lloyd also asserts that, due to threats Judge Foster directed at Baker, Lloyd's attorney, Baker refused to file motions to dismiss the charges on speedy trial grounds or to suppress the illegally obtained evidence. See id. at 5, ¶¶12, 14; at 7, ¶22; at 8, ¶27. According to Lloyd, Baker informed Lloyd that "there was not much [Baker] could do" to represent Lloyd since Judge Foster told Baker that he wanted a conviction. See id. at 6,

---

[2] See Case No. 3:07-547-cv-J-25TEM, aff'd, 298 F. App'x 836 (11th Cir. 2008) (per curiam).

¶16. In addition, Lloyd asserts that Baker was "forced to represent Foster's son on two DUI charges in Duval County for little compensation." See id. at 6, ¶15; at 8, ¶27.

In his Motion, Defendant Baker argues that (1) Lloyd fails to allege facts to support his allegations or any constitutional deprivation, and (2) Baker's actions, as a private citizen, were not taken "under state law" as required to support a claim under 42 U.S.C. § 1983, See generally Motion.[3] Lloyd responds by reiterating his conspiracy claims and adding that Baker (1) failed to file any motions to reduce Lloyd's bond, (2) conspired with Judge Foster to delay his arraignment, and (3) refused to return Lloyd's payment and only worked on his case after Lloyd's brother requested the refund. See Response at 2, ¶¶3-4; at 3-4, ¶5; at 5. Additionally, Lloyd contends that Baker can be sued under 42 U.S.C. § 1983 because as a licensed attorney, he acts "under color of law." See id. at ¶8. Moreover, Lloyd argues that a private

---

[3] Baker provides an Exhibit A with his Motion, which includes a copy of the Verdict in one of Lloyd's state criminal proceedings, State v. Lloyd, No. 2012-CF-0330 (4th Judicial Circuit). See Defendant's Notice of Filing (Doc. #34). Further, Lloyd has already alleged that Baker was his attorney and that the jury found him not guilty. See Complaint at 3, ¶7; at 6, ¶18. Moreover, the Court has previously taken judicial notice of two other cases, State v. Lloyd, Nos. 2012-CF-0331 and 2012-CF-0332 (4th Judicial Circuit). See Report and Recommendation (Doc. #17) at 2 n.2; adopted by Order (Doc. #27) at 2, ¶2. However, the Court need not consider this document to reach its decision although it likely could as judicial notice or under the "incorporation by reference" doctrine. See Horsley, 304 F.3d at 1134-35.

attorney who corruptly conspires with a judge can be held responsible under § 1983, even if the judge is immune. See id. (citing Kimes v. Stone, 84 F.3d 1121 (9th Cir. 1996) (citing Dennis v. Sparks, 449 U.S. 24, 28-29, 101 S.Ct. 183, 186-87, 66 L.Ed.2d 185 (1980)). See Response at 5, ¶8. Lloyd also argues that his Complaint and documents show an agreed course of conduct, and that he has sufficiently stated a cause of action. See id. at 5-6, ¶¶9-10. Finally, Lloyd contends that the Court's previous denial of his discovery motions has hampered his ability to respond to the Motion. Id. at 6, ¶12.

**II. Standard of Review**

In ruling on a motion for judgment on the pleadings, the Court applies a standard very similar, if not identical, to that when ruling on a motion to dismiss, brought pursuant to Rule 12(b)(6). Horsley, 304 F.3d at 1131; see also Hale v. Mingledorf, No. 2:13-CV-0228-RWS, 2014 WL 7012772 at *1 (N.D. Ga. Dec. 11, 2014) ("[A] motion for judgment on the pleadings is subject to the same standard as Rule 12(b)(6) motion to dismiss." (quoting Roma Outdoor Creations, Inc. V. City of Cumming, 558 F. Supp.2d 1283, 1284 (N.D. Ga. 2008) (internal quotation omitted)); Keller v. Strauss, No. 1:10-CV-3282-RWS, 2011 WL 2470631 at *3 (N.D. Ga. June 17, 2011) (applying the Rule 12(b)(6) standard to an untimely motion to dismiss filed after the answer which the court construed as a motion for judgment on the pleadings under Rule 12(c)); Dorsey v.

Ga. Dep't of State Road and Tollway Auth., No. 1:09-CV-1182-TWT, 2009 WL 2477565 at *3 (N.D. Ga. Aug. 10, 2009) (same); Keh v. Americus-Sumter County Hosp. Auth., No. 1:03-CV-68-2(WLS), 2006 WL 871109 at *2 (M.D. Ga. Mar. 31, 2006) (construing a Rule 12(b)(6) motion to dismiss filed nearly contemporaneously with the answer as if the motion were filed under Rule 12(c) and applying the same standard).  As such, the Court must accept the factual allegations set forth in the complaint as true and view them in the light most favorable to the nonmoving party.  See Horsley, 304 F.3d at 1131; Ortega, 85 F.3d at 1524-25; Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d (2009).  In addition, all reasonable inferences should be drawn in favor of the plaintiff.  See Omar ex. rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam).  Nonetheless, the plaintiff must still meet some minimal pleading requirements.  Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted).  Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly,550 U.S. at 570, 127 S.Ct.

at 1974, 167 L.Ed.2d 929.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555, 127 S.Ct. at 1964-65 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted).  Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth."  See Iqbal, 556 U.S. at 679, 129 S.Ct. at 1950.  Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).[4]

---

[4] Prior to Iqbal, Eleventh Circuit precedent instructed that a heightened pleading standard applied in § 1983 actions where "the defendants are individuals who may seek qualified immunity."  See Amnesty Int'l, USA v. Battle, 559 F.3d 1170, 1179 (11th Cir. 2009).

**III. Discussion**

"[S]ection 1983 provides individuals with a federal remedy for the deprivation of rights, privileges, or immunities protected by the Constitution or the laws of the United States that are committed under color of state law." Brown v. City of Huntsville, Ala., 608 F.3d 724, 733 n.12 (11th Cir. 2010) (citation omitted); see 42 U.S.C. § 1983.  Thus, to state a claim under 42 U.S.C § 1983, a plaintiff must sufficiently allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law.  Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted).  In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action under 42 U.S.C. § 1983.  Moreover, the Eleventh Circuit

---

However, in Randall v. Scott, 610 F.3d 701 (11th Cir. 2010), the Eleventh Circuit determined that "[a]fter Iqbal it is clear that there is no 'heightened pleading standard' as it relates to cases governed by Rule 8(a)(2), including civil rights complaints." See Randall, 610 F.3d at 707-10.  In light of this Eleventh Circuit precedent and because Defendants do not assert that the heightened pleading standard applies, the Court will apply the standard of review set forth in Twombly and Iqbal.  Id. at 710; see also Nettles v. City of Leesburg Police Dep't, 415 F. App'x 116, 120-21 (11th Cir. 2010) (unpublished); but see Harper v. Lawrence Cnty., Ala., 592 F.3d 1227, 1233 (11th Cir. 2010) (applying the heightened pleading standard post-Iqbal); Keating v. City of Miami, 598 F.3d 753, 762-63 (11th Cir. 2010) (same).

"'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc. v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).

As previously stated, Lloyd asserts that Baker violated his Fourth Amendment rights by conspiring with Judge Foster to hold him in the Jail. However, Lloyd has failed to state a claim under 42 U.S.C. §§ 1983 or 1985. The Eleventh Circuit has stated:

> Conspiring to violate another person's constitutional rights violates section 1983. Dennis v. Sparks, 449 U.S. 24, 27, 101 S.Ct. 183, 186 (1980); Strength v. Hubert, 854 F.2d 421, 425 (11th Cir. 1988), overruled in part on other grounds by Whiting v. Traylor, 85 F.3d 581, 584 n.4 (11th Cir. 1996). To establish a prima facie case of section 1983 conspiracy, a plaintiff must show, among other things, that the defendants "reached an understanding to violate [his] rights." Strength, 854 F.2d at 425 (quotation omitted). The plaintiff does not have to produce a "smoking gun" to establish the "understanding" or "willful participation" required to show a conspiracy, Bendiburg v. Dempsey, 909 F.2d 463, 469 (11th Cir. 1990), but must show some evidence of agreement between the defendants. Bailey v. Bd. of County Comm'rs of Alachua County, 956 F.2d 1112, 1122 (11th Cir. 1992)

> ("The linchpin for conspiracy is agreement, which presupposes communication.").

Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283-84 (11th Cir. 2002).

Lloyd's Complaint is devoid of any substantive allegation of an agreement or communication between Judge Foster and Defendant Baker related to any agreement to unjustly hold him in the Jail. Lloyd fails to allege either actionable wrong or any evidence of agreement to violate his federal constitutional rights. Although Judge Foster was properly dismissed based on judicial immunity,[5] Lloyd correctly points out that Baker, even as a private attorney, can be liable under § 1983 for conspiring with Judge Foster, even though Judge Foster is immune. Dennis v. Sparks, 449 U.S. 24, 27-28, 101 S.Ct. 183, 186-87, 66 L.Ed.2d 185 (1980); Pierre v. City of Miramar, Florida, Inc., 537 F. App'x 821, 827 (11th Cir. 2013) (per curiam); Cox v. Mills, 465 F. App'x 885, 887 (11th Cir. 2012); Lloyd v. Card, 283 F. App'x 696, 700 (11th Cir. 2008) (per curiam)

---

[5] See Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (holding that judges are absolutely immune for acts taken while acting in their judicial capacity so long as they are not done in clear absence of all jurisdiction); Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996) (same); Stump v. Sparkman, 435 U.S. 349, 356 (1978) (holding that judicial immunity applies even if the judge's acts are in error, malicious, or were in excess of his jurisdiction); Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (citations omitted) (holding that conducting judicial proceedings and performing judicial duties are absolutely immune from suit); Lloyd v. Foster, 298 F. App'x 836 (11th Cir. 2008) (affirming that similar claims made by Lloyd against Judge Foster failed to state a claim).

(affirming summary judgment of similar claims brought by Lloyd). However, Lloyd's claim against Baker nevertheless fails because he has only provided formulaic recitations and conclusory allegations of a conspiracy. Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992) (Plaintiff "must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actor(s) and the private persons."). Lloyd simply fails to present allegations of any agreement to violate his rights. Rowe, 279 F.3d at 1284.

To establish a violation of § 1985(3), a plaintiff must show:

> (1) a conspiracy; (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy (4) resulting in an injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. Childree v. UAP/GA AG CHEM, Inc., 92 F.3d 1140, 1146-47 (11th Cir. 1996).

Pace v. Peters, 524 F. App'x 532, 536 (11th Cir. 2013) (per curiam). Because Lloyd does not assert a class-based invidiously discriminatory animus, any conspiracy claims under § 1985(3) also fail. See Santillana v. Fla. State Court System, 450 F. App'x 840, 844 (11th Cir. 2012) ("To prove the second element, the plaintiff must show that the deprivation of rights or privileges occurred as a result of 'some racial, or ... otherwise class-based, invidiously discriminatory animus behind the conspirators' actions.'")

(citation omitted).   Further, "conclusory allegations of discrimination and conspiracy, without more, are not sufficient to support a § 1985 claim."  Id. (citation omitted).

Therefore, it is now

**ORDERED:**

1.  Defendant Gary Baker's Motion to Dismiss (Doc. #32) is **GRANTED**.

2.  Defendant Gary Baker is **DISMISSED** as a Defendant in this action.

3.  The Clerk shall enter judgment in favor of all Defendants and against Plaintiff Orvel Winston Lloyd, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida this 16th day of September, 2015.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

tc 9/2

c:

Orvel Winston Lloyd

Counsel of Record